IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN GILMORE,

        Plaintiff,

  v.                                      Civil Action 2:17–cv–00052
                                            Judge George C. Smith
                                            Magistrate Judge Jolson

SHANDAN HITCHENS, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on numerous Motions. The sole Defendants served in this case, Defendants Correctional Officers Shandan Hitchens and George Frederick, and Nurse Practitioner Georgia Hazzard, filed a Motion to Dismiss on June 2, 2017. (Doc. 20). Plaintiff filed nine separate Motions on August 7, 2017, consisting of (1) a "Motion to Notice Error of Clerk of Courts" (Doc. 26); (2) a "Motion Memorandum of Medical Records Release" (Doc. 27); (3) a "Motion for Expert Witness and Court Appointed Counsel" (Doc. 28); (4) a "Motion to Appoint Counsel" (Doc. 29); (5) a "Motion to be Heard on Amended Complaint with two Named Defendants as Court 10/16 Recommendation" (Doc. 30); (6) a "Motion to Subpoena Physician Dr. Guilermore Zalivador of NCCC Assessments" (Doc. 31); (7) a "Motion for Expert Witness Court Order Amended Consideration" (Doc. 33); (8) a Motion for Leave to Proceed *in forma pauperis* (Doc. 34); and (9) a Motion to Stay (Doc. 35). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Motions be **DENIED** as **MOOT**.

I.     BACKGROUND

Plaintiff, a state prisoner at the Warren Correctional Institution, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Hitchens struck him repeatedly after ordering him to return to his cell for a dress code violation on March 10, 2016. (Doc. 6 at 1, 5). Plaintiff alleges that the attack caused him to suffer multiple injuries, including a concussion, fractured nose, eye injury, rib fractures, and upper and lower back injuries. Plaintiff claims that after the attack, Defendants Hitchens and Unit Supervisor "Mrs. Rose" denied his request for immediate medical attention. (*Id.* at 4). Plaintiff further alleges that Defendant Frederick ultimately escorted him to the medical bay but placed his "life and security" at risk by making him walk there. (*Id.* at 14).

Although Defendant Hazzard and physicians George Bracklin and George Morrison provided Plaintiff medical care, Plaintiff claims that it was inadequate. (*Id.* at 15–16, 18). More specifically, Plaintiff alleges that Defendant Hazzard improperly denied him a head x-ray and, together with George Bracklin, incorrectly reported that he had "no injuries[,] only signs of blood" and "no broken bones." (*Id.* at 15). Plaintiff also alleges that his eye and nose injuries went untreated but were later diagnosed as a fracture and presbyopia. (*Id.* at 13, 18). As a result of the alleged assault and inadequate medical treatment, Plaintiff claims to suffer from permanent back pain, nerve pain, cognitive impairments, and vision loss. (*Id.* at 17).

A.     The 2016 Action

This is not Plaintiff's first lawsuit related to the attack on March 10, 2016. In addition to two other cases he filed in this Court, *see Gilmore v. Russian, et al.*, No. 2:16-cv-1133 (dismissed on June 19, 2017); *Gilmore v. Eshett, et al.*, No. 2:16-cv-308 (dismissed on August 5, 2017), Plaintiff first filed suit in this Court based on these allegations on May 2, 2016. *Gilmore*

*v. Hitchens, et al.*, No. 2:16–cv–395 (the "2016 Action"). In the 2016 Action, Plaintiff named Defendants Hitchens, Frederick, and others, asserting claims for "misuse of force," inadequate medical treatment, due process violations, assault, battery, and negligence. (*See* Doc. 1 in 2:16–cv–395). However, Plaintiff failed to effect service on all but one Defendant. (*See* Doc. 36 in 2:16–cv–395).

### 1. *The October 12 R&R and Order*

Despite Plaintiff filing his complaint on May 2, 2016 (Doc. 1 in 2:16–cv–395), the Court had seen no movement regarding service by June 29, 2016. Consequently, the undersigned reminded Plaintiff of his obligation to provide the appropriate service forms to the Clerk and warned him that his case could be dismissed if he failed to effect timely service. (Doc. 6 in 2:16–cv–395). On July 29, 2016, a summons was returned executed for Defendant Shandan Hitchens. (Doc. 11 in 2:16–cv–395). On August 4, 2016, Plaintiff moved for additional time to serve the remaining Defendants. (*See, e.g.*, Doc. 20 in 2:16–cv–395). On August 15, 2016, the Court granted Plaintiff a thirty-day extension of time to effect service. (Doc. 23 in 2:16–cv–395). In a subsequent Order issued on August 31, 2016, the Court again reminded Plaintiff of his obligation to provide the appropriate service forms to the Clerk and warned him that his case could be dismissed if he failed to effect timely service. (Doc. 30 at 3). Thus, Plaintiff was advised on three occasions—once in the Court's Order from June 29, 2016, once in its Order from August 15, 2016, and once in a subsequent Order on August 31, 2016—that his failure to effect timely service might result in the dismissal of this case.

In a Report and Recommendation and Order issued in the 2016 Action on October 12, 2016 ("the October 12 R&R and Order"), the Court noted that despite the three warnings that Plaintiff risked dismissal, Plaintiff had effected service only upon Defendant Hitchens. (Doc. 36

at 2 in 2:16–cv–395). Consequently, the Court recommended that the "matter be dismissed without prejudice pursuant to Rule 4(m) against all Defendants *except for* Mr. Hitchens and Mr. Frederick," a "newly-added Defendant." (*Id*. at 3 (emphasis added)).

The Court also addressed a separate problem Plaintiff was having in the case. (*Id*.). In addition to trouble with service, Plaintiff made allegations on a rolling basis throughout the litigation, failing to assert them all in a single pleading. (*See id*.). Thus, the Court had issued an Order on August 15, 2016, requiring Plaintiff to cure this piecemeal pleading. (*Id*. at 3–4; *see, e.g.*, Doc. 23 at 5 (granting Plaintiff leave to file a comprehensive amended complaint by August 29, 2016)). When Plaintiff failed to comply, the Court issued a second Order on August 31, 2016. (Doc. 30 at 2). In that Order, the Court explained that, instead of filing a complaint containing all of his claims, Plaintiff sent "a packet of documents" that were difficult to decipher, at least some of which "appear[ed] to be different versions of proposed amended complaints." (*Id*.). The Court again directed Plaintiff "to file a single, comprehensive amended complaint (asserting all of his allegations in one document) within fourteen days" and "caution[ed] Plaintiff not to file multiple documents or multiple amended complaints." (*Id*.). Plaintiff failed to follow this Court's Order. Hence, in the October 12 R&R and Order, the Court gave Plaintiff one final chance to draft a single, comprehensive complaint to be filed no later than October 24, 2016, and warned Plaintiff that his failure to comply could result in dismissal of the 2016 Action for failure to prosecute. (*Id*. at 4).

  2. *Plaintiff's Motion Finalizing Defendants and the November 1 R&R and Order*

Despite being given a third and final opportunity to file a single complaint containing all of his claims, Plaintiff failed to do so. Instead, he filed "a Motion Finalizing 7 Defendants" on October 13, 2016. (Doc. 39 in 2:16–cv–395). Defendants Hitchens and Frederick responded,

4

stating that no "understanding" had been discussed, nor finalized, with them concerning the addition and finalization of Defendants. (Doc. 41 in 2:16–cv–395). Defendants Hitchens and Frederick also opposed Plaintiff's Motion on the basis that it did not put any of the "'7 Defendants' on notice of what it is that they are alleged to have done to warrant them being sued." (*Id*. at 1).

On November 1, 2016, the Court issued a second Report and Recommendation and Order in the 2016 Action ("the November 1 R&R and Order"). (Doc. 43 in 2:16–cv–395). The Court noted that Plaintiff had now missed three court-ordered deadlines to file a single complaint containing all of his claims. (*Id*. at 2). Given this procedural posture, the Court denied Plaintiff's Motion Finalizing all 7 Defendants and recommended that the action against the sole remaining Defendants (Defendants Hitchens and Frederick) be dismissed for failure to prosecute and comply with the Court's Orders. (*Id*.).

Plaintiff objected, arguing lack of access to the law library. (Docs. 42 and 47 in 2:16–cv–395). Specifically, Plaintiff objected to the Court's October 12 recommendation that all unserved Defendants be dismissed without prejudice pursuant to Rule 4(m), and its November 1 recommendation that Defendants Hitchens and Frederick be dismissed for Plaintiff's failure to prosecute and comply with the Court's Orders. The District Judge adopted both recommendations over Plaintiff's objections on December 20, 2016. (Doc. 50 in 2:16–cv–395). The same day, the Court entered Judgment accordingly and terminated the 2016 Action. (Doc. 51 in 2:16–cv–395). Plaintiff did not appeal.

B.  **The Instant Case**

Plaintiff initiated the current action on January 17, 2017, asserting the same claims arising from the alleged attack and inadequate medical treatment. (Doc. 1). But like the 2016

5

Action, this case hasn't gone smoothly. Plaintiff has continued to have service problems, effecting service only on Defendants Hitchens, Frederick, and Hazzard. (*See* Docs. 14, 17, and 18). Those Defendants have moved to dismiss. (*See* Doc. 20). For his part, Plaintiff continues to file a multitude of documents that are difficult to decipher. (Docs. 26–31, 33–35). Plaintiff's documents primarily appear to seek the appointment of counsel, an expert witness, and discovery, and request another opportunity to file the comprehensive complaint Plaintiff never filed in the 2016 Action.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Twombly*, 550 U.S. at 572. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (requiring plaintiff to give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than [Plaintiffs'] unadorned, the-defendant-unlawfully-harmed-me

allegation." *Iqbal*, 556 U.S. at 677–78, quoting *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Stated differently, "[t]he requirement for liberal construction . . . does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim." *Kidd v. Neff*, No. 1:12–cv–40, 2012 WL 4442526, at *2 (E.D. Tenn. Sept. 25, 2012) (dismissing *pro se* plaintiff's "incredibly vague" Bivens complaint); *see also Smith v. Breen*, No. 09–2770, 2010 WL 2557447, at *6 (W.D. Tenn. June 21, 2010) (collecting cases). Ultimately, to avoid dismissal, Plaintiff's Complaint "must contain either direct or inferential allegations with respect to all the material elements" of his claims. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

## III. DISCUSSION

### A. Res Judicata

As an initial matter, Defendants Hitchens and Frederick argue that res judicata bars the claims against them. Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted). Accordingly, the Sixth Circuit requires that four elements be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

7

*1. Decision on the Merits*

It is undisputed that a Rule 41(b) dismissal for failure to prosecute is, by default, an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009) (holding that because Plaintiff's prior suit had been dismissed pursuant to Fed. R. Civ. P. 41(b), there was a final decision on the merits). The plain language of the rule makes clear that this result can be avoided only if "the dismissal order states otherwise." Fed. R. Civ. P. 41(b). What is disputed is whether the Court indicated otherwise by dismissing Plaintiff's claims without prejudice. Specifically, Plaintiff argues that this Court's Rule 41(b) dismissal was without prejudice.

The Court addressed Plaintiff's claims against Defendants Hitchens and Frederick in its November 1 R&R and Order. (Doc. 43 in 2:16–cv–395). In that decision, the Court recommended dismissal of the action against Defendants Hitchens and Frederick for failure to prosecute and comply with three court-ordered deadlines requiring him to file a single complaint containing all of his claims. (*Id.*). Consequently, the Court's adoption of that R&R and dismissal of the case was pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, resulting in an adjudication on the merits. (Doc. 50 in 2:16–cv–395).

At base, Plaintiff conflates the Court's October 12 recommendation that all unserved Defendants be dismissed without prejudice pursuant to Rule 4(m) and the Court's November 1 recommendation that the claims against Defendants Hitchens and Frederick be dismissed for failure to prosecute and comply with the Court's Orders. However, it is clear that when the District Judge adopted the November 1 recommendation, he dismissed the case with prejudice for failure to prosecute against the only remaining Defendants. That is a final decision on the merits. (*See id.*); Fed. R. Civ. P. 41(b); *see also Bragg*, 570 F.3d at 777.

8

*2. Identity of Parties*

As noted, Plaintiff has sued Defendants Hitchens and Frederick twice—first in the 2016 Action and then again in this case. Thus, the current lawsuit is a subsequent action between the same parties. *See Bragg*, 570 F.3d at 777 (finding the second requirement of res judicata satisfied because the actions involved identical parties).

*3. Previously Litigated Issues*

The issues raised in this case were also litigated or could have been litigated in the prior action. In the 2016 Action, Plaintiff's claims included "misuse" of force, inadequate medical treatment, assault, battery, and negligence. (Doc. 1 in 2:16–cv–395). In this case, Plaintiff's claims include excessive force, deliberate medical indifference, assault, battery, and negligence. (Doc. 6 at 1). The claims in the two actions are the same. Additionally, Plaintiff's claims for medical malpractice and intentional infliction of emotional distress in this case arise out of the same series of occurrences as his other claims, and therefore could have been raised in the prior suit. (*See* Doc. 6; *see also* Doc. 1 in 2:16–cv–395).

Taking a global view, it is clear that the issues in this case were litigated or could have been litigated in the 2016 Action because, at bottom, Plaintiff is attempting a "redo" of that case here. As noted, Plaintiff argues that his claims should be allowed in this matter because his failure to file a consolidated complaint in the 2016 Action was due to excusable neglect—the result of being placed in segregation without access to the law library. (*See, e.g.*, Docs. 26 and 30). The District Judge, however, already considered and rejected this argument, stating that "[r]egardless of his reasoning, Plaintiff failed to timely respond to Court Orders." (Doc. 50 at 1–2 in 2:16-cv-395). Based on the foregoing, the issues raised in this case were also litigated or could have been litigated in the prior action. *See Bragg*, 570 F.3d at 777 (finding the third

9

requirement of res judicata satisfied because the claims "arose out of the same set of facts" and "involved the same time period").

        *4. Identity of Causes of Action*

Causes of action are identical if "the claims arose out of the same transaction or series of transactions," or if "the claims arose out of the same core of operative facts." *In re Micro-Time Mgmt. Sys., Inc.*, No. 91–2260 and 91–2261, 1993 U.S. App. LEXIS 859, at *14 (6th Cir. Jan. 12, 1993) (citing *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1551–52 (11th Cir. 1990)).

Both the 2016 Action and the current action arise out of Defendant Hitchens's alleged attack on Plaintiff, Defendant Frederick's escort of Plaintiff to the medical bay, and allegedly inadequate medical treatment. (Doc. 6; *see also* Doc. 1 in 2:16–cv–395). *Id.* Although Plaintiff may have added Defendants and alleged some additional details in this case, the underlying facts in the two cases are interchangeable. (*Compare* Doc. 6 *with* Doc. 1 in 2:16–cv–395); *see Bragg*, 570 F.3d at 777 (finding the fourth requirement of res judicata satisfied because the "very same discriminatory acts" were alleged in both cases).

Based on the foregoing, all four elements are satisfied and res judicata bars Plaintiff's claims against Defendants Hitchens and Frederick. It is not lost on this Court that, if believed, Plaintiff's allegations, particularly against Defendant Hitchens, are serious. However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)). As the Sixth Circuit has recognized, "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id.* Here, there is no dispute that Plaintiff understood the Court's Orders requiring him to assert all of his claims in a single pleading, and his reasons for

missing the deadlines have been considered and rejected by the District Judge in 2016 Action. Because that decision bars Plaintiff's claims against Defendants Hitchens and Frederick in this case, it is **RECOMMENDED** that all claims against Defendants Hitchens and Frederick be dismissed.

> B. **Deliberate Medical Indifference**

Plaintiff also alleges deliberate medical indifference and state-law claims against Defendant Hazzard. In order to establish a prima facie claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right. *See, e.g.*, *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992) (per curiam). Conclusory allegations are insufficient to state a claim under 42 U.S.C. § 1983. *Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

To act under color of state law, the defendant must exercise "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Employees of the State act under color of state law when "acting in [an] official capacity or while exercising . . . responsibilities pursuant to state law." *Id.* at 50. The Sixth Circuit has extended the definition of state employee to include private individuals contracting with the government to perform specific functions, such as physicians and nurses providing care to prison inmates. *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) ("Defendant nurses were acting under the color of state law when the alleged constitutional violation occurred because of the contractual relationship between [the prison] and [the private medical provider].").

Therefore, regardless of Defendant Hazzard's status as a public or private employee, her treatment of Plaintiff in her official capacity as nurse practitioner for the institution was under color of state law. *See id*.

The Court must therefore examine whether Defendant Hazzard deprived Plaintiff of a federal statutory or constitutional right. The Eighth Amendment to the United States Constitution protects individuals against cruel and unusual punishment and includes the rights of prisoners to be provided with adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Such a claim has an objective and a subjective component. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective prong "requires a plaintiff to show that the medical need at issue is sufficiently serious." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citing *Blackmore*, 390 F.3d at 896) (quotations omitted). "A medical need is sufficiently serious if it has been diagnosed by a physician that has mandated treatment or it is so obvious that even a lay person would easily recognize the need for medical treatment." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (citing *Blackmore*, 390 F.3d at 897). The subjective prong requires the Court to determine whether "prison officials ha[d] a sufficiently culpable state of mind in denying medical care." *Alspaugh*, 643 F.3d at 169 (citing *Blackmore*, 390 F.3d at 895). "Under the subjective component, the plaintiff must establish that the defendant knew of or disregarded an excessive risk to inmate health or safety." *Broyles v. Corr. Med. Servs., Inc.*, No. 08–1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (citing *Blackmore*, 390 F.3d at 895). Mere acts of negligence by a prison official are insufficient to establish deliberate indifference. *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008).

In this case, Plaintiff claims that he received inadequate medical care for his concussion, fractured nose, eye injury, rib fractures, and upper and lower back injuries. (*See* Doc. 6). Plaintiff also attempts to set forth additional facts in support of his claim against Defendant Hazzard in opposition to the Motion to Dismiss. (*See, e.g.*, Doc. 30 at 10 (arguing that, after Plaintiff complained of eye and nose pain, Defendant Hazzard ignored his complaints and said, "You're crazy . . . there's nothing wrong with you.").

A Rule 12(b)(6) motion to dismiss, however, is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *see also Jones v. Bergman*, No. 1:08–cv–599, 2009 WL 3270003, at *2 (W.D. Mich. Oct. 8, 2009) ("In evaluating a motion to dismiss, a court generally is limited to the complaint and the exhibits attached thereto.") (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Thus, Plaintiff's arguments in his various supplemental motions are merely "extrinsic evidence" that "cannot be considered in determining whether the complaint states a claim." *Roth Steel Prods.*, 705 F.2d at 155.

However, even if the Court were to consider Plaintiff's allegations beyond those in the complaint, Plaintiff admits that Defendant Hazzard provided medical treatment, but alleges that this medical treatment was inadequate. A prisoner does not state a valid Eighth Amendment claim when "his claim amounts to a difference of opinion between him and the prison health care providers and a dispute over the adequacy of his treatment." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 1976). The Sixth Circuit has also explained that in the context of deliberate indifference claim:

> "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was

inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169.

Stated simply, Plaintiff fails to plead sufficient facts evidencing that Defendant Hazzard's medical treatment amounted to deliberate indifference. Plaintiff admits that he received some care for his injuries. (Doc. 6 at 13–15). Plaintiff disagrees, however, with Defendant Hazzard's treatment, including her alleged denial of an x-ray. (*Id*. at 13). Even assuming, *arguendo*, that Defendant Hazzard's failure to allow an x-ray or to conduct additional tests was negligent, mere acts of negligence by a prison official are insufficient to establish deliberate indifference. *Mabry*, 289 F. App'x at 902. Because it cannot be said that Defendant Hazzard's course of treatment was "woefully inadequate," it is **RECOMMENDED** that Plaintiff's deliberate medical indifference claims against Defendant Hazzard be dismissed. *See Alspaugh*, 643 F.3d at 169.

### C. Supplemental Jurisdiction

With the recommended dismissal of Plaintiff's claim for deliberate medical indifference, Plaintiff's remaining claims, if any, against Defendant Hazzard arise under state law (*e.g.*, assault, battery, negligence, medical malpractice, and/or intentional infliction of emotional distress). When all federal claims are dismissed before trial, state-law claims "generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *see also Mathis v. Doctor's Hosp. (West)*, No. 2:12–cv–358, 2012 U.S. Dist. LEXIS 80190, at *9–10 (S.D. Ohio June 11, 2012) (adopting recommendation not to exercise supplemental jurisdiction where federal claims failed). Consequently, it is **RECOMMENDED** that Plaintiff's remaining state-law claims against Defendant Hazzard be **DISMISSED**.

### D. Failure of Service

Finally, it is worth mentioning that Plaintiff also named numerous Defendants who were never served. (*See* Doc. 1) (naming Bracklin, Morrison, Rose, and John Doe). Pursuant to Rule 4(m) of Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff seems to argue that he has good cause for failing to perfect service because he does not know the address of these Defendants, specifically Ms. Rose. (*See* Doc. 8). "Although *in forma pauperis* plaintiff[s] should not be penalized for marshal's failure to obtain proper service, it [is the plaintiff's] responsibility to provide [the marshal with] proper addresses for service." *Lee v. Armontrout*, 991 F2d 487, 489 (8th Cir. 1993), cert. denied, 510 U.S. 875 (1993). Therefore, it is **RECOMMENDED** that Plaintiff's claims against any unserved Defendant be dismissed under Rule 4(m).

### IV. CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** (Doc. 20) and Plaintiff's pending Motions be **DENIED** as **MOOT** (Docs. 26–31, 33–35). Finally, it is **RECOMMENDED** that Plaintiff's claims against any unserved Defendant be dismissed under Rule 4(m).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

15

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: December 6, 2017　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE